IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JEFFERY JACOBS, #122218**                                                                      **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 4:10-cv-42-HTW-LRA**

**CHRISTOPHER EPPS, et al.**                                                                **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

On March 24, 2010, Petitioner filed a request for habeas relief pursuant to Title 28 U.S.C. § 2254.  On June 22, 2010, an order [5] was entered directing Petitioner to file a written response providing specific information, on or before July 13, 2010.  Petitioner was warned in the Court's order [5] of June 22, 2010, as well as the Court's previous order [3] of May 5, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the Court's order may lead to the dismissal of his petition.  On July 6, 2010, the envelope [6] containing this Court's order [5] was returned by the postal service with the notation "return to sender, not deliverable as addressed, unable to forward."  Petitioner failed to comply with this order [5].

On August 2, 2010, this Court entered an order [7] directing Petitioner to show cause why this case should not be dismissed for Petitioner's failure to comply with the June 22, 2010, order [5].  Petitioner was also directed to comply with the June 22, 2010, order [5], on or before August 23, 2010.  Petitioner was warned in the Court's order [7] of August 2, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may lead to the dismissal of his petition.  On August 16, 2010, the envelope [8] containing this Court's order [7] was returned by the postal service with the notation "return to sender, not deliverable as addressed, unable to forward."  Petitioner failed to comply with this

order [7].

Since Petitioner is proceeding *pro se* and out of an abundance of caution, he was given another opportunity to comply with this Court's order [5] of June 22, 2010, in a final order to show cause [9] entered September 13, 2010.  The final order to show cause [9] directed Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's orders [5, 7] of June 22, 2010, and August 2, 2010.  In addition, Petitioner was directed to comply with this Court's order [5] of June 22, 2010, on or before October 4, 2010.  Petitioner was warned in the final order to show cause [9] of September 13, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed.  On September 30, 2010, the envelope [10] containing this Court's final order to show cause [9] was returned by the postal service with the notation "return to sender, not deliverable as addressed, unable to forward."  Petitioner failed to comply with this order [9].

Petitioner has failed to comply with three Court orders and has not contacted this Court since May 11, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Respondents have not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 29th day of October, 2010.


s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT